Balubhai G. PATEL; Joe Patel; Nikki
Investments LLC, Plaintiffs—
Appellants,

v.

CITY OF LOS ANGELES, California
a Municipal Corporation,
Defendant—Appellee.

Madhuben Patel, Plaintiff—Appellant,

v.

City of Los Angeles, a municipal
corporation; Does 1 Through 10,
inclusive, Defendants—Appellees.

Dhanjibhai Patel; Shantaben Patel,
Plaintiffs—Appellants,

v.

City of Los Angeles, a municipal
corporation, Defendant—
Appellee.

Balubhai PATEL; Sardaben Patel,
Plaintiffs—Appellants,

v.

City of Los Angeles, a municipal cor-
poration; Does 1 thru 10, inclusive,
Defendants—Appellees.

Nos. 01–56522, 01–56036,
01–56037, 01–56038.
D.C. No. CV–01–01040–R.
D.C. No. CV–00–11301–MLR.
D.C. No. CV–00–11595–MLR/RNB.
D.C. No. 00–CV–11788 R.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2002.

Decided Aug. 8, 2002.

Before ALARCON, SILVERMAN and RAWLINSON, Circuit Judges.

MEMORANDUM*

Hotel owners and operators Madhuben Patel ("Madhuben"), Sardaben Patel ("Sardaben"), Dhanjibhai Patel ("Dhanjibhai"), Shantaben Patel ("Shantaben"), Balubhai

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

G. Patel ("Balubhai"), Joe Patel, and Nikki Investments, LLC, sued[1] the City of Los Angeles (the "City") after the City found that their hotels were public nuisances, and imposed conditions of operation. The district court granted the City's Motion to Dismiss Appellants' first amended complaints.

## § 1983 Claims

To state § 1983 claims, Appellants must allege facts that establish deprivations, by a person acting under color of state law, of rights, privileges or immunities secured by the Constitution. *Butler v. Elle*, 281 F.3d 1014, 1021 (9th Cir.2002).

### 1. *Fifth Amendment Allegations*

■ The Fifth Amendment prohibits the taking of "private property ... for public use without just compensation." *Wash. Legal Found. v. Legal Found. of Wash.*, 271 F.3d 835, 851 (9th Cir.2001) (en banc) (internal quotation marks and citation omitted). A successful Fifth Amendment claim requires a showing that property was taken without just compensation. At oral argument, Appellants sought to negate their failure to seek compensation by asserting a theory of regulatory taking. However, Appellants' argument is unavailing because regulatory takings also require a request for compensation by the property owner. *See Daniel v. County of Santa Barbara*, 288 F.3d 375, 381–82 (9th Cir.2002). Having failed to seek compensation for the alleged regulatory taking, Appellants cannot state a viable Fifth Amendment claim.

### 2. *Due Process Allegations*[2]

■ A due process claim under § 1983 is not cognizable when a state's post-deprivation remedies are adequate to protect a plaintiff's procedural due process rights. *See Lake Nacimiento Ranch Co. v. County of San Luis Obispo*, 841 F.2d 872, 878 (9th Cir.1987). Due process requires notice and an opportunity to be heard. *G & G Fire Sprinklers, Inc. v. Bradshaw*, 156 F.3d 893, 903 (9th Cir. 1998). Appellants were afforded pre-deprivation due process. *See Weinberg v. Whatcom County*, 241 F.3d 746, 753 (9th Cir.2001). California also offers adequate post-deprivation remedies. *See Pomona College v.Super. Ct.*, 45 Cal.App.4th 1716, 53 Cal.Rptr.2d 662, 670 (Cal.Ct.App.1996); CAL. CODE CIV. P. § 1094.5 (West 1980). Accordingly, Appellants failed to state due process claims under § 1983.

### 3. *Equal Protection Allegations*

■ In order to state a viable equal protection claim under § 1983, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of*

1. This appeal consists of four consolidated cases against the City of Los Angeles: Madhuben Patel (No. 01–56036); Dhanjibhai Patel, Shantaben Patel (No. 01–56037); Balubhai Patel, Sardaben Patel (No. 01–56038); Balubhai G. Patel, Joe Patel, and Nikki Investments, LLC (No. 01–56522). The four cases are based on virtually identical facts and the same causes of action. All four Appellants' briefs are virtually identical and address the same questions of law and fact, except for the brief submitted by Balubhai G. Patel, Joe Patel, and Nikki Investments, LLC (No. 01–56522), which adds the issue of the district court's alleged error in dismissing the action in violation of FRCP 6(d), requiring five days' notice before hearing a motion.

2. Appellants argue that § 1983 entitles them to have factual issues determined by a jury. However, a post-deprivation remedy does not have to contain a jury trial component to satisfy due process, because § 1983 does not itself confer a right to a jury. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

*Los Angeles,* 250 F.3d 668, 686 (9th Cir. 2001) (citations omitted). Appellants did not describe the national origin of the owners of other businesses involved in the public nuisance abatement proceedings, and did not allege how the conditions of operation were connected to intentionally different treatment of Appellants due to their Asian–Indian national origin. Appellants' failed to state an equal protection claim. *Lee,* 250 F.3d at 687.

### 4. *First Amendment Allegations*

■ "The First Amendment ... guarantees the right to petition the Government for a redress of grievances." *White v. Lee,* 227 F.3d 1214, 1227 (9th Cir.2000) (internal quotation marks omitted). Appellants exercised their right to petition the Government for a redress of grievances when they administratively challenged the board's decision to impose the conditions.[3] The conditions of operation could not have been in retaliation for Appellants' appeals, because the conditions were recommended before Appellants filed those appeals.

### 5. *Fourth Amendment Allegations*

■ An individual asserting a Fourth Amendment violation "must, as an initial matter, demonstrate a legitimate expectation of privacy in the place searched or the thing seized." *United States v. Gamez–Orduno,* 235 F.3d 453, 458 (9th Cir.2000) (citations and internal quotation marks omitted). Appellants failed to state Fourth Amendment claims, because they did not state when the inspections took place, or whether the inspections occurred in areas of public access. Appellants also failed to allege what the property inspections entailed, and whether property was seized. In any event, the record reflects that the inspections in this case were akin to the "random inspections to enforce administrative standards" implicitly approved in *United States v. Argent Chem. Lab., Inc.,* 93 F.3d 572, 577 (9th Cir.1996).

### 6. *Fair Housing Act Allegations*

■ The Fair Housing Act makes it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race [or] color." 42 U.S.C. § 3604(b).[4] To assert a prima facie disparate impact case, Appellants "must establish at least that the defendant's actions had a discriminatory effect." *Gamble v. City of Escondido,* 104 F.3d 300, 306 (9th Cir.1997) (citation and internal quotation marks omitted). Appellants' complaints do not articulate a "significantly adverse or disproportionate impact ... produced by the [City's] facially neutral acts or practices." *Id.* Additionally, Appellants never made any allegations regarding the "discriminatory effect" suffered as a result of the City's actions. *Id.*

Appellants failed to successfully state due process, equal protection, fifth amendment, first amendment, fourth amendment

---

**3.** Although all Appellants alleged due process violations as a result of bias, only Balubhai, Joe Patel, and Nikki Investments, LLC additionally alleged a due process violation because of the City Council's failure to provide notice of their hearings. It is not in dispute that the same attorney handled the appeals to the City Council for all Appellants, and the other three cases received notice from the City Council for nearly identical appeals. In light of the notice received for the other three cases, counsel was at least on inquiry notice that the City Council would take up the matter after Balubhai, Joe Patel, and Nikki Investments, LLC were unsuccessful at the Board of Zoning Appeals.

**4.** This analysis assumes that Appellants had standing to raise this issue on behalf of their tenants.

or Fair Housing Act claims. Accordingly, the district court acted properly in dismissing their § 1983 causes of action.

## Supplemental State Claims

It is within the district court's discretion whether to hear supplemental state claims once it has dismissed all federal claims. *San Pedro Hotel Co., Inc. v. City of Los Angeles,* 159 F.3d 470, 478 (9th Cir.1998). Although the district court did not discuss its reasons for dismissing the state law claims, we do not require any explanation where the state law claim predominates or the district court has dismissed all claims over which it had original jurisdiction. *Id.*

## Pretrial Conference Dismissal

The district court did not err in dismissing Balubhai's, Joe Patel's, and Nikki Investments, LLC's action during a scheduled pretrial conference, because Rule 16(c) authorizes the court to take appropriate action with respect to "the formulation and simplification of the issues, including the elimination of frivolous claims ...," and "the disposition of pending motions." FED. R. CIV. P. 16(c)(1), (c)(11).

The record does not indicate that Balubhai, Joe Patel, and Nikki Investments, LLC, objected to the timing of the motion to dismiss, or raised the Rule 6(d) due process argument before the district court. Accordingly, they are precluded from making this argument on appeal. *See Spurlock v. F.B.I.,* 69 F.3d 1010, 1017 (9th Cir.1995).

AFFIRMED.